**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | | |
|---|---|---|
| In re: | * | |
| | * | Bankr. Case No.:  21-10567-MCR |
| SHANNON N. FITZGERALD, | * | |
| | * | Chapter 7 |
| Debtor. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| | * | |
| SHANNON N. FITZGERALD, | * | Adv. Proc. No.:  21-00063 |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NAVIENT SOLUTIONS, LLC, | * | |
| U.S. DEPARTMENT OF EDUCATION, | * | |
| And U.S. ATTORNEY FOR THE | * | |
| DISTRICT OF MARYLAND, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NAVIENT SOLUTIONS, LLC'S PRETRIAL STATEMENT

1.      **A brief statement of facts that the party proposes to prove in support of a claim or defense, together with a statement of legal theories and citations of authorities:**

The evidence will show that Navient Solutions, LLC's ("Navient") is entitled to judgment because Plaintiff, Shannon N. Fitzgerald ("Plaintiff")'s, educational loan debt owed to Navient is not dischargeable, absent a judgment of undue hardship rendered by the Court.

Educational loans are non-dischargeable, unless the plaintiff can demonstrate "undue hardship."  11 U.S.C. § 523(a)(8).  Congress did not define the term "undue hardship" in § 523(a)(8).  However, the Fourth Circuit has noted that,

> [T]he ordinary meaning of "undue" gives us clear guidance.  Because Congress
> selected "undue," the required hardship under § 523(a)(8) must be more than the
> usual hardship that accompanies bankruptcy.  Inability to pay one's debts by itself
> cannot be sufficient; otherwise all bankruptcy litigants would have undue
> hardship.  The exception would swallow the rule, and Congress's restriction
> would be meaningless.  As a result, "the existence of the adjective 'undue'
> indicates that Congress viewed garden-variety hardship as insufficient excuse for
> a discharge of student loans."

Educ. Credit Management Corp. v. Frushour (In re Frushour), 433 F.3d 393, 399 (4th Cir.

2005)(*quoting* Rifino v. United States (In re Rifino), 245 F.3d 1083, 1087 (9th Cir. 2001)).  "The

Debtor bears a heavy burden in attempting to discharge his student loan obligations under

§523(a)(8)."  Aylsworth v. U.S. Dep't of Educ. (In re Aylsworth), Bankr. No. 04-1409, Adv. No.

04-67, 2007 WL 2496520, at *4 (Bankr. N.D. W. Va. Aug. 30, 2007).  Plaintiffs must prove that

their circumstances are "exceptional" and "rare," such as "illness, disability, a lack of usable job

skills, or the existence of a large number of dependents."  Id. at *2.

The three-prong test first established by the Second Circuit Court of Appeals in Brunner v.

New York State Higher Educ. Servs. Corp., 831 F.2d 395 (2nd Cir. 1987), has become the standard

adopted by several Circuit Courts of Appeals as the appropriate standard for undue hardship.  The

Fourth Circuit has adopted the *Brunner* test for determinations of dischargeability of student loan

debt.  In re Frushour, 433 F.3d at 400 ("the *Brunner* test best incorporates the congressional

mandate to allow discharge of student loans *only in limited circumstances*.")(emphasis added).

The three prongs of the *Brunner s*tandard are as follows:

> (1) that the debtor cannot maintain, based on current income and expenses, a
> "minimal" standard of living for himself and his dependents if forced to repay the
> loans; (2) that additional circumstances exist indicating that this state of affairs is
> likely to persist for a significant portion of the repayment period of the student
> loans; and (3) that the debtor has made good faith efforts to repay the loans.

Frushour, at 400; *see also* Brunner, 831 F.2d at 396.

The plaintiff in student loan dischargeability proceedings bears the burden of proof on the issue of hardship.  The standard of proof is by a preponderance of the evidence. Frushour, at 400; *see also* Spence v. Educ. Credit Management Corp. (In re Spence), 541 F.3d 538, 543-44 (4th Cir. 2008).  If the plaintiff is unable to demonstrate the existence of any one of the *Brunner* prongs, the inquiry ends and the loans are nondischargeable.  Straub v. Educ. Credit Management Corp. (In re Straub), 435 B.R. 312, 315 (Bankr. D.S.C. 2010)(citations omitted).

2.      **Any required pleading amendments:**  None known at this time.

3.      **Any pleaded, but abandoned, issue:**  None

4.      **Uncontested facts per Navient:**

Navient lists the following uncontested facts based on the information in its records and in this litigation.  Navient reserves the right to amend and supplement this list as discovery continues.

A.      Plaintiff is indebted to Navient pursuant to the applicable terms of seven (7) educational loan Promissory Notes ("Promissory Notes"), executed by Plaintiff to obtain educational loans ("Educational Loans") with approximate balances, as of the date of the filing of this adversary proceeding, as follows:

i.      one (1) Educational Loan disbursed August 8, 2003, with a balance, including principal, interest and fees, totaling $9,409.84;

ii.      one (1) Educational Loan disbursed January 9, 2004, with a balance, including principal, interest and fees, totaling $22,595.04;

iii.      one (1) Educational Loan disbursed May 27, 2004, with a balance, including principal, interest and fees, totaling $5,013.37;

iv.      one (1) Educational Loan disbursed August 25, 2004, with a balance, including principal, interest and fees, totaling $17,872.96;

v.      one (1) Educational Loan disbursed May 13, 2005, with a balance, including principal, interest and fees, totaling $11,415.25;

vi.      one (1) Educational Loan disbursed May 13, 2005, with a balance, including principal, interest and fees, totaling $4,553.58; and

vii.      one (1) Educational Loan disbursed August 10, 2005, with a balance, including principal, interest and fees, totaling $31,231.46.

B.      As of the date of the filing of the adversary proceeding, there was a balance due and owing on the Educational Loans evidenced by the Promissory Notes, including principal, interest and fees, in the aggregate amount of $102,653.14.

C.      Plaintiff's debt to Navient is educational loan debt that is non-dischargeable absent of a finding of undue hardship by the court.

D.      Plaintiff is 37 years old.

E.      Plaintiff is employed as a Contract Specialist for the Naval Air Systems Command and is paid $23.55 per hour.

F.      Plaintiff has an annual salary of $49,157.00, or approximately $4,096.42 per month.

G.      Plaintiff has a B.A. from West Virginia University, and a M.A. in Education and Ph.D. in Higher Education Administration from University of Phoenix.

H.      Plaintiff has no dependents.

5.      **The details of the damage claimed or any other relief sought:** Plaintiff seeks a determination of the dischargeability of educational loan debt owed to Navient in the total amount of $102,653.14.

**6.      A list of the documents and records to be offered in evidence by the party at the trial other than those expected to be used solely for impeachment, indicating which documents the party expects to introduce in evidence without the usual authentication:**

A.    Affidavit of Navient Solutions, LLC, Pursuant to Federal Rules of Evidence 803(6) & 902(11).

B.    Applications and Promissory Notes for Plaintiff's seven (7) educational loans disbursed by Navient on August 8, 2003, January 9, 2004, May 27, 2004, August 25, 2004, May 13, 2005 (first loan), May 13, 2005 (second loan), August 10, 2005.

C.    Account Summary Electronic Record of Plaintiff's educational loans with Navient Solutions, LLC.

D.    Declining Balance Payment History for Plaintiff's educational loans with Navient.

E.    Plaintiff's Bankruptcy Petition and Schedules.

F.    Plaintiff's Complaint and Summons, Plaintiff's Amended Complaint, Navient's Answer to Plaintiff's Complaint, and Navient's Answer to Plaintiff's Amended Complaint filed July 16, 2021.

G.    Excerpts from Plaintiff's responses to Navient's First Set of Interrogatories, First Request for Production of Documents and First Set of Requests for Admission.

Navient reserves the right to amend and supplement this list as discovery continues.

**7.      A list of the names and specialties of experts that the party proposes to call as witnesses:**  None.

**8.**     **A statement of any matter that must be resolved before trial:**  None.

Respectfully submitted,

By:     _/s/ Jeffrey L. Friedman_
Jeffrey L. Friedman, Esquire (Bar #06290)
FRIEDMAN & ASSOCIATES
100 Owings Court, Suite 4
Reisterstown, MD  21136
Telephone:  (410) 526-4500 ext. 110
Facsimile:   (410) 526-4587
E-mail: jeff@friedmanlaw.net
Attorneys for Navient Solutions, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of September, 2021, a copy of **Navient Solutions, LLC's Unilateral Pretrial Statement** was sent via electronic filing to:

Richard McGill, 5303 W. Court Drive, P.O. Box 358, Upper Marlboro, MD 20773, mcgillrm@aol.com

By:      /s/ Jeffrey L. Friedman
         Jeffrey L. Friedman, Esquire
         FRIEDMAN & ASSOCIATES
         100 Owings Court, Suite 4
         Reisterstown, MD  21136
         Telephone:  (410) 526-4500 ext. 110
         Facsimile:   (410) 526-4587
         E-mail: jeff@friedmanlaw.net
         Attorneys for Navient Solutions, LLC