IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In re: Shannon N. Fitzgerald                                   Chapter 7 No. 21-10567

    Debtor

*******************************************************************

Shannon N. Fitzgerald,

    Plaintiff                                                          Adversary No. 21-0063

v.

Navient Solutions, LLC,

    and

United States Department of Education,

    Defendants.

******

### DEFENDANT UNITED STATES DEPARTMENT OF EDUCATION'S MOTION TO DISMISS AND MEMORANDUM OF LAW

    Defendant, United States Department of Education ("the Department") moves to dismiss Plaintiff's Second Amended Complaint.  Doc. 30.  In support, the Department states as follows:

    1.    Plaintiff's complaint does not contain factual material sufficient to state a claim for relief.

    2.    Plaintiff pleads facts regarding her monthly income.  She explains that "her average monthly income over the six month preceding the filing of her Chapter 7 was $2,899."  Doc. 14 at ¶ 12.

    3.    Plaintiff does not plead facts indicating that her financial situation is likely to persist.  Nor does she plead facts establishing a good faith effort to pay her loans.  Mere recitations

1

of the elements of the *Brunner* test without factual material to support it do not satisfy the pleading standard. *See Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987). The complaint should be dismissed.

4. A memorandum of law follows.

WHEREFORE, the Department respectfully requests that the Court grant its motion and dismiss the complaint.

## I. INTRODUCTION

Plaintiff brings this Adversary Proceeding seeking a discharge of student loan debt owed to the Department on the basis of undue hardship under 11 U.S.C. § 523(a)(8). To show "undue hardship," a plaintiff must demonstrate that: (1) based on her current income and expenses, she cannot maintain a minimal standard of living while repaying her student loans; (2) additional circumstances exist indicating that her state of affairs is likely to persist for a significant portion of the repayment period; and (3) she has made good faith efforts to repay their student loans. Here, the Complaint is entirely devoid of any facts to state a claim upon which relief may be granted. Specifically, Plaintiff appears to rely solely upon the statement that her loans are an "undue hardship" without alleging any facts to indicate that her financial situation is unlikely to improve in the future. Doc. 30 at ¶ 18. Additionally, she has put forward no facts to demonstrate that she has made a good faith effort to repay her loans.

## II. BACKGROUND FACTS

Plaintiff alleges that she borrowed $210,000 from the Department. Doc. 30 at ¶ 10. She enrolled in the Revised Pay as you Earn ("REPAYE") Program and paid $175.05 per month from July 28, 2017 until June 28, 2018. After that point, further payments were suspended due to the bankruptcy automatic stay.

### III. LEGAL FRAMEWORK

#### A. Dismissal for Failure to State a Claim

A complaint may be dismissed where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Bankr. P. 7012(b) (incorporating Fed. R. Civ. P. 12(b)(6) in adversary proceedings). A complaint must plead facts adequate "to state a claim to relief that is plausible on its face" in order to survive a Rule 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court further clarified this standard in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Accordingly, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. And while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id*. at 678; *see also McCleary-Evans v. Md. DOT*, 780 F.3d 582, 585 (4th Cir. 2015) ("But those 'naked' allegations—a 'formulaic recitation' of the necessary elements—'are no more than conclusions' and therefore do not suffice.") (quoting *Iqbal*, 556 U.S. at 678–79); *Alston v. Chevrolet*, Civil Action No. PX 15-3740, 2016 WL 4945010, at *3 (D. Md. 2016) (granting 12(b)(6) motion, in part, because the amended complaint "failed to specifically allege facts supporting each element."). Similarly, courts have dismissed complaints seeking student loan discharge that are devoid of the requisite facts required to show undue hardship under 11 U.S.C. § 523(a)(8). *See e.g. Dunlap v. Educ. Credit Mgmt. Corp. (In re Dunlap)*, Nos. 15-30795, 15-03150, 2016 WL 93805 at * 2–3 (U.S. Bankr. W.D.N.C. 2016).

#### B. Summary Judgment

Summary judgment is appropriate when the matters presented to the Court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056; *Celotex Corp. v. Catrett*, 477 U.S.

3

317, 322 (1986). The party moving for summary judgment has the initial burden of proving the absence of a genuine issue of material fact based on the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any. *Celotex*, 477 U.S. at 322. Once this initial burden has been met, the nonmoving party must then set forth specific facts sufficient to raise a genuine issue for trial. *Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Here, the moving party must demonstrate an absence of any genuine dispute as to any material fact— meaning a fact necessary to establish the elements of the cause of the action. *Id*. at 248.

    C.    **Student loan discharge**

A debtor cannot discharge a student loan through normal bankruptcy proceedings. *Frushour v. Educ. Credit Mgmt. Corp.*, 433 F.3d 393, 396 (4th Cir. 2005). Instead, Congress made it more difficult to discharge student loans to protect the integrity of the student loan program and in exchange for the bargain students receive when borrowing money to pursue an education. *Id*. at 399 ("Debtors receive valuable benefits from congressionally authorized loans, but Congress in turn requires loan recipients to repay them in all but the most dire circumstances."); *see also Brunner v. New York State Higher Educ. Servs. Corp.*, 46 B.R. 752, 756 (S.D.N.Y. 1985) ("In return for giving aid to individuals who represent poor credit risks, it strips these individuals of the refuge of bankruptcy in all but extreme circumstances."), *aff'd*, 831 F.2d 395 (2d Cir. 1987). "Since the decision of whether or not to borrow for a college education lies with the individual, it is the student, not the taxpayers, who must accept the consequences of the decision to borrow." *Pa. Higher Educ. Assistance Agency v. Faish*, 72 F.3d 298, 305 (3d Cir. 1995) (quoting *In re Robertson*, 999 F.2d 1132, 1137 (7th Cir. 1993)). In other words, when a student loan borrower

accepts money from the government, he strikes a bargain, and "[l]ike all bargains, it entails risk. It is for each student individually to decide whether the risks of future hardship outweigh the potential benefits of a deferred-payment education." *Brunner*, 46 B.R. at 756.

Under 11 U.S.C. § 523, student loans of the type held by Plaintiff are dischargeable only where repayment of the student loans creates an "undue hardship" upon the debtor. 11 U.S.C. § 523(a)(8). The bankruptcy code does not define "undue hardship." The Fourth Circuit, however, adopted the Second Circuit's three-part *Brunner* test. *Frushour,* 433 F.3d at 400.

To satisfy this test, the debtor must prove:

> (1) that the debtor cannot maintain, based on her current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*Id.* at 400.

The burden is on the debtor to show, by a preponderance of the evidence, that each of the three prongs is satisfied. *Spence v. Educ. Credit Mgmt. Corp.*, 541 F. 3d 538, 543–44 (4th Cir. 2008). If one of these factors is not shown, then the inquiry ends and the loan cannot be discharged. *Id*. "Because Congress selected the word 'undue,' the required hardship under § 523(a)(8) must be more than the usual hardship that accompanies bankruptcy. Inability to pay one's debts by itself cannot be sufficient; otherwise all bankruptcy litigants would have undue hardship. The exception would swallow the rule, and Congress's restriction would be meaningless." *Frushour*, 433 F.3d at 399.

IV.     **ARGUMENT**

        A.     **Plaintiff's complaint is devoid of factual allegations establishing her entitlement to discharge.**

Here, the Complaint is devoid of sufficient facts to support an inference that Plaintiff can satisfy the *Brunner* test, and therefore, fails to state a claim upon which relief can be granted.

Plaintiff's Complaint fails to support a finding that she meets the second prong of the *Brunner* test. Plaintiff makes no allegation that additional circumstances exist that would indicate that, whatever her current state of affairs is today, it is likely to persist for a significant portion of the repayment period.

Plaintiff also fails to allege facts to support an inference that she has satisfied the third prong of the *Brunner* test, requiring a showing of good faith efforts to repay her loans. The third prong of the *Brunner* test requires good faith efforts to repay one's student loans. Good faith consists of the debtor's "efforts to obtain employment, maximize income, and minimize expenses." *Educ. Credit Mgmt. Corp. v. Mosko,* 515 F.3d 319, 324, (4th Cir. 2008) (emphasis removed). To satisfy this prong, the Court considers whether the debtor seriously pursued loan consolidation options. *Id*. *See also*, *Educ. Credit Mgmt. Corp. v. Mosko*, 515 F.3d 319, 326 (4th Cir. 2008) ("We have stated that seeking out loan consolidation options is 'an important component of the good-faith inquiry' because such efforts demonstrate that the debtors take their debts seriously and are doing their utmost to repay them despite their unfortunate circumstances."); *Frushour* 433 F.3d at 402 ("The debtor's effort to seek out loan consolidation options that make the debt less onerous is an important component of the good-faith inquiry"). *See also Tirch v. Pa. Higher Educ. Assistance Agency*, 409 F.3d 677, 683 (6th Cir. 2005) ("Because Tirch declined to take advantage of an ICR that would have been advantageous, he failed to sustain the heavy burden of proving that he made a good faith effort to repay his loans."); *Alderete v. Educ. Credit Mgmt. Corp.*, 412

6

F.3d 1200, 1206 (10th Cir. 2005) (plaintiff's failure to consider alternate repayment options prior to filing for bankruptcy contributed to a finding of lack of good faith); *Russ v. Tex. Guaranteed Student Loan Corp.*, 365 B.R. 640, 646 (Bankr. N.D. Tex. 2007) ("the failure to attempt to renegotiate the terms of the student loan or to participate in an ICR supports a finding of a lack of good faith"); *Thoms v. Educ. Credit Mgmt. Corp.*, 257 B.R. 144, 150 (Bankr. S.D.N.Y. 2001) (denying student loan discharge at least in part due to debtor's failure to avail himself of payment options).

Here, Plaintiff failed to plead any facts indicating that she pursued departmental programs to minimize her student loan payment due to hardship. Plaintiff's previous payment under REPAYE had been $175.05 per month. If Plaintiff's economic situation changed substantially, her payment under REPAYE could be as low as $0 depending on her complete financial picture.

In sum, even accepting all the factual allegations as true, the Complaint fails to state a claim upon which relief can be granted. As such, the Department respectfully requests that the Court dismiss the Complaint.

## V. CONCLUSION

For these reasons, Plaintiff's complaint should be dismissed.

Respectfully Submitted,

Jonathan F. Lenzner
Acting United States Attorney

      /s/
Molissa H. Farber
Assistant U.S. Attorney
36. S. Charles Street, 4th Floor
Baltimore, MD 21201
(410) 209-4800
Molissa.Farber@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of September, 2021, a copy of the foregoing was served via ECF, sent via first class mail, or emailed to:

Richard M. McGill
Law Offices of Richard M. McGill
P.O. Box 358
5303 West Court Dr
Upper Marlboro, MD  20773
mcgillrm@aol.com

Jeffrey L. Friedman
Friedman and Associates
100 Owings Ct.
Suite 4
Reisterstown, MD  21136
jeff@friedmanlaw.net

                                                  /s/
                                       Molissa H. Farber